# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

ALPHONSO JAMES, SR.,

    Plaintiff,

v.                                                        CASE NO. 2:09-CV-737-FtM-36DNF

STEVEN D. MERRYDAY, ELIZABETH A.
KOVACHEVICH, RUSSELL C.
STODDARD, JEFFREY F. MICHELLAND,
DOUGLAS MOLLOY, JOHN EDWARD
RYAN, GEORGE T. SWARTZ, BRENT
ROBERTS, RANDY JELKS, JOHN E.
STEELE, ROBERT BARCLIFT, AND
SEVERAL UNKNOWN STAFF
ATTORNEYS,

    Defendants.
_____/

# ORDER

    **THIS CAUSE** came on for consideration upon the Report and Recommendation filed by United States Magistrate Douglas N. Frazier on January 25, 2010, which recommends that the Court dismiss Plaintiff's action without prejudice for his failure to pay the required filing fee or to submit the application to proceed *in forma pauperis* (Dkt. 13). Plaintiff filed objections to the Report and Recommendation on February 2, 2010 (Dkt. 14).

## I. BACKGROUND

On November 6, 2009, Plaintiff filed his complaint[1] against Defendants (Dkt. 1). The case was placed on the Unassigned Judge's docket, and Judge Frazier was assigned as the Magistrate (2:09-CV-737-FtM-99DNF). On November 9, 2009, Judge Frazier issued an order directing Plaintiff to file the necessary filing fee pursuant to 28 U.S.C. §1914(a) or to submit an application to proceed *in forma pauperis* by November 30, 2009 (Dkt. 4). Plaintiff filed an emergency motion to strike the Order (Dkt. 5). Judge Frazier denied the Emergency Motion (Dkt. 6).

On November 30th, Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis*. Instead, Plaintiff filed an objection to Judge Frazier's order denying the Emergency Motion along with a motion for reconsideration on December 8, 2009 (Dkt. 7). On December 30, 2009, Judge Frazier denied Plaintiff's Motion for Reconsideration (Dkt. 9). The Court directed the Clerk to send Plaintiff an Affidavit of Indigency and gave Plaintiff twenty-one (21) days to either pay the filing fee or request leave to proceed *in forma pauperis*.

On January 8, 2010 Plaintiff filed a motion to disqualify Judge Frazier, which was denied (Dkt. 10-11). On January 21, 2010 Plaintiff filed objections to Judge Frazier's previous orders and a motion for reconsideration of the order denying the Motion to Disqualify (Dkt. 12).

---

[1] Plaintiff states that his initial pleading is a "petition" and not a "complaint," and, therefore, he should not be required to pay the filing fee or to file an application to proceed *in forma pauperis* (Dkt. 5, ¶4-6). A "complaint" is "[a]n initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." Black's Law Dictionary 279 (7th ed. 1999). A "petition" is "[a] formal written request presented to a court or other official body." Black's Law Dictionary 1165 (7th ed. 1999). The terms are often used interchangeably to refer to the first pleading in a lawsuit. *See id.* Therefore, the Court treats Plaintiff's initial pleading as a complaint.

After Plaintiff failed to comply with the Court's directives, Judge Frazier issued a report and recommendation to dismiss Plaintiff's complaint without prejudice for his failure to pay the filing fee or to file an application to proceed *in forma pauperis*. Plaintiff objected to the Report, arguing that he did not consent to Judge Frazier exercising jurisdiction over this case.

**II.     ANALYSIS**

United States Magistrate Judges have the authority within the District where they are appointed to address various matters in the court. 28 U.S.C. § 636(a)(1)-(5). A federal district court judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). Furthermore, a federal district court judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id*.

The court where the magistrate has been appointed may also assign additional duties to the magistrate as long as the assignment is not inconsistent with the Constitution and laws of the United States. 28 U.S.C. § 636(b)(3). "Each district court shall establish rules to which the magistrate judges shall discharge their duties." 28 U.S.C. § 636(b)(3). In the Middle District of Florida, Local Rule 6 governs the duties of magistrate judges. "The assignment of duties to United States Magistrate Judges by the judges of the Court may be made by standing order entered jointly by the resident judges in any Division of the Court; or by any individual judge, in any case or cases assigned to him, through written order or oral directive made or given with respect to such case or cases." Middle District of Florida Local Rule. 6.01(b). With the authority from the District Court Judge(s), Magistrates may perform an array of duties, including the "[s]upervision and determination of all pretrial proceedings and motions made in civil cases including, without limitation, rulings upon all

procedural and discovery motions, and conducting pretrial conferences . . . ." Middle District of Florida Local Rule 6.01(c)(18).

To address *all* matters in a civil case, the parties must consent to the magistrate exercising jurisdiction over the action. 28 U.S.C. § 636(c)(1). It is only with this consent that a magistrate "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." *Id.; see also* Fed. R. Civ. P. 73(a), (b)(1). Upon the entry of judgment by the magistrate, a party may then appeal directly to the court of appeals. Fed. R. Civ. P. 73©).

In this case Plaintiff objects to all of Judge Frazier's orders in this case because "[n]o U.S. District Judge of this Court has entered any order denying any motions, objections, etc., and therefore every order entered by U.S. Magistrate Judge Douglas N. Frazier, is in violation of 28 U.S.C. § 636(c)(2) . . . ." (Dkt. 12, p. 2). Additionally, Plaintiff states that he did not consent to Judge Frazier exercising jurisdiction over his action (Dkt. 5, ¶4; Dkt. 7, ¶3).

Pursuant to the Local Rules of the Middle District of Florida, on February 14, 2001, the District Court Judges issued an order on the assignment of duties of the Magistrate Judges in Tampa and Fort Myers (Dkt. 1, 6:01-mc-00024, attached hereto as "Attachment 1"). In the Order the Judges of the Middle District of Florida stated that the Magistrates in Tampa and Fort Myers were authorized to perform the duties enumerated in Local Rule 6.01(c), which includes the ability to handle pretrial matters. Therefore, Judge Frazier had the authority to handle pretrial matters in this case.

Second, parties only need to consent to the jurisdiction of a magistrate judge when the magistrate handles *all* of the matters in a civil action, including entering judgment. Because Judge

Frazier entered orders only for pretrial matters, Plaintiff's consent to Judge Frazier's jurisdiction was not necessary.

### III. CONCLUSION

After carefully considering Plaintiff's Complaint, Judge Frazier's previous orders, the Report and Recommendation, and Plaintiff's Objections, in addition to undertaking a *de novo* review of the legal determinations recommended in the Report and Recommendation, the Court concludes that Judge Frazier's Report and Recommendation should be confirmed and adopted.

Accordingly, it is now **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Dkt. 13) is **ADOPTED, CONFIRMED** and **APPROVED** in all respects and is made a part of this order for all purposes, including appellate review.

2. This action is dismissed without prejudice.

3. The Clerk is directed to **TERMINATE** all pending motions and deadlines and enter judgment accordingly and close this case.

**DONE AND ORDERED** at Ft. Myers, Florida, on June 8, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
UNITED STATES MAGISTRATE JUDGE DOUGLAS N. FRAZIER
COUNSEL OF RECORD AND UNREPRESENTED PARTY